23 F.3d 411
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
John A. COVEY, Defendant-Appellant.
 No. 93-3284.
 United States Court of Appeals, Seventh Circuit.
 Argued April 26, 1994.
Decided May 4, 1994.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division, No. SCR 93-00007(04), Allen Sharp, Chief Judge.
 
 
 1
 N.D.Ind.
 
 
 2
 AFFIRMED.
 
 ORDER
 
 3
 John A. Covey pleaded guilty to one count of conspiracy to distribute and possess with the intent to distribute marijuana in violation of 21 U.S.C. Sec. 846. The district court found that 2,000 pounds of marijuana were reasonably foreseeable to Covey in furtherance of the conspiracy and sentenced him to 70 months' imprisonment followed by a four-year term of supervised release. Covey now challenges his sentence. We affirm.
 
 
 4
 Ricky Bryant was the organizer and leader of a conspiracy which distributed marijuana in the areas of Elkhart and Goshen, Indiana from mid-1988 to 1993. Covey was a member of this conspiracy.
 
 
 5
 Two witnesses testified at Covey's sentencing hearing: Walter S. Hummel, a government informant, and Covey. Hummel purchased at least 2,000 pounds of marijuana from Bryant from approximately late 1988 until November, 1992. Hummel testified that Covey was a "mule and distributor" whose relationship with Bryant was based on drug trafficking. Hummel overheard Bryant and Covey discuss monthly shipments of marijuana of up to 700 pounds per shipment. Covey was present on three occasions when Bryant delivered marijuana to Hummel's home and up to fifteen occasions in other locations. Covey testified that he engaged in drug trafficking with Bryant between 1989 and November of 1992. Covey knew that Bryant was a dealer in marijuana from 1989 to November 1992, knew the names of at least three of his customers, and knew his source of supply in Texas and method of delivery. Covey testified that he delivered between 250 and 300 pounds of marijuana to Bryant and acknowledged that "he had a pretty fair idea of the scope of what Ricky Bryant was doing." Tr. at 34.
 
 
 6
 A district court's determination of the total amount of drugs involved in a conspiracy is a factual finding which is reviewed for clear error. United States v. Beler, No. 92-3970, slip op. at 4 (7th Cir. Mar. 31, 1994); United States v. Montgomery, 14 F.3d 1189, 1196 (7th Cir.1994). The Sentencing Guidelines provide that a defendant's base offense level, "in the case of a jointly undertaken criminal activity" shall be determined on the basis of "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity ..." U.S.S.G. Sec. 1B1.3(a)(1)(B). The government bore the burden of proof by a preponderance of the evidence that Covey's relevant conduct under the Guidelines involved 2,000 pounds of marijuana. Beler, No. 92-3970, slip op. at 4; United States v. Mojica, 984 F.2d 1426, 1443 (7th Cir.), cert. denied, 113 S.Ct. 2433 (1993).
 
 
 7
 "Reasonable foreseeability refers to the scope of the agreement that the defendant entered into when he joined the conspiracy," not merely the drugs which he may have known about. United States v. Edwards, 945 F.2d 1387, 1403 (7th Cir.1991), cert. denied, 112 S.Ct. 1590 (1992). The district court applied the appropriate preponderance of the evidence standard and determined that 2,000 pounds of marijuana were reasonably foreseeable to Covey. The district court's finding that this amount was attributable to Covey is not clearly erroneous.
 
 
 8
 Covey asserts that the district court failed to sufficiently state the reasons why 2,000 pounds of marijuana were reasonably foreseeable to him as required by Edwards, 945 F.2d at 1399. According to Covey, this failure requires resentencing because Covey has identified evidence in the record in support of his assertion that the district court erred. See United States v. Young, 997 F.2d 1204, 1212 n. 4 (7th Cir.1993). In Edwards, we directed district courts to conduct an individualized inquiry of reasons why the particular amount of drugs was reasonably foreseeable to him, with reference to the evidence before the court." Edwards, 945 F.2d at 1399. We also recommended that district courts include such findings in sentencing memoranda. See id. at 1399 n. 2.
 
 
 9
 The district court stated that Covey was "significantly" involved with Bryant in "an elaborate, highly profitable, highly extensive conspiracy." Tr. at 41. The district court described Covey as a "mule with a lot of knowledge," and stated that both Covey and Hummel were "street smart," and "being street smart, they have to know what's going on. It's a matter of protection." Id. The district court also issued a four-page sentencing memorandum in which it stated that after considering "the evidence offered by the government today as well as the calculations contained in the PSR.... the testimony of this defendant does not credibly disturb those [sic] calculations." The district court in its sentencing memorandum adopted all paragraphs of the presentence investigation report ("PSR") except those to which Covey had objected.
 
 
 10
 The district court complied with Edwards in sentencing Covey. The district court, which was fully aware of the requirements of Edwards, conducted an individualized inquiry of the amount of marijuana attributable to Covey, carefully considered the evidence presented of the scope of Covey's agreement, and found Covey's testimony incredible. The district court's explanation was more than boilerplate. Cf. Edwards, 945 F.2d at 1399-400 (conclusory and generic explanation for assigning the same base offense level to each defendant is insufficient). The portion of the PSR adopted by the district court contains a detailed description of the Bryant conspiracy.
 
 
 11
 For the foregoing reasons, Covey's sentence is AFFIRMED.